IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLENE BUNTING | : |
|         Plaintiff, | : |
| v. | :   CIVIL ACTION |
| | :   NO. _____ |
| PNC FINANCIAL SERVICES GROUP | : |
|         Defendant. | : |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant PNC Financial Services Group ("PNC") gives notice of removal of the above-captioned action to the United States District Court for the Eastern District of Pennsylvania from the Court of Common Pleas of Philadelphia County, Pennsylvania. In support of its Notice of Removal, PNC states as follows:

1. The above-captioned action was commenced by Plaintiff Charlene Bunting against Defendant PNC in the Court of Common Pleas, Philadelphia County, Pennsylvania, Civil Action No. 002401, and is now pending in that Court.

2. On or about June 19, 2002, PNC was served with Plaintiff's Complaint in this action. Copies of these documents are attached hereto as Exhibit A.

3. Fewer than thirty days have elapsed since this action became removable to this Court.

4. No other process, pleading or order has been served on PNC in this action in the Court of Common Pleas, Philadelphia County, Pennsylvania.

5. In her Complaint, Plaintiff asserts claims against PNC seeking payment of disability benefits pursuant to the PNC Bank Corp. and Affiliates Long Term Disability Plan (the "Plan"), administered by UNUM, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq.

6. This action is properly removed to this Court by Notice of Removal pursuant to 28 U.S.C. § 1441(b) in that:

   a. Any state law claims in this action are preempted by ERISA Sections 502(a) and 514(a), 29 U.S.C. §§ 1132(a) and 1144(a).

   b. Plaintiff's rights in this action relate to benefits under an employee benefit plan as defined at ERISA Section 3, 29 U.S.C. § 1002. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, and ERISA Section 502(f), 29 U.S.C. § 1132(f), which grants jurisdiction without respect to the amount in controversy or the citizenship of the parties. This action is therefore removable to this Court pursuant to 28 U.S.C. § 1441(b).

7. All lawsuits relating to processing a claim for benefits from employee benefit plans must be brought pursuant to the exclusive civil enforcement provisions of Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1989); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). In Pilot Life, the Court explained that Section 502(a) provides the exclusive enforcement mechanism for participants and beneficiaries of employee benefit plans. 481 U.S. at 54. Plaintiff's claims relate to benefits under the Plan

and the exclusive right to enforcement of her claims is contained in the civil enforcement provisions of ERISA Section 502(a), 29 U.S.C. § 1132(a).

8. Pursuant to the "complete preemption" exception to the well-pleaded complaint rule, the Supreme Court requires a recharacterization of state law claims against employee benefit plans to federal claims so that removal is proper. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). Based upon the complete preemption doctrine, the claims made by the Plaintiff against PNC are recharacterized as federal claims to support removal. A state law claim is preempted if it "relates to" an employee benefit plan. Shaw v. Delta Airlines, Inc., 463 U.S. 85 (1983). Plaintiff's claims relate to the Plan as they seek disability benefits under the Plan.

9. Although Plaintiff does not specifically allege a claim under Section 502 of ERISA, 29 U.S.C. § 1132, the allegations in her Complaint regarding the failure to pay her claims cannot be resolved without an interpretation of and reference to the Plan which is governed by ERISA. Plaintiff's claims are thus completely preempted by ERISA and must be recharacterized as an ERISA civil enforcement claim.

10. The acts allegedly complained of in the Complaint took place within this judicial district and in and around the Eastern District of Pennsylvania.

11. This Notice of Removal is timely filed with this Court, pursuant to 28 U.S.C. § 1446(b), because thirty days have not expired since this action became removable to this Court.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Philadelphia County Court of Common Pleas.

WHEREFORE, PNC requests that this action be removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

_____
STEVEN R. WALL (I.D. No. 39012)
KAY KYUNGSUN YU (I.D. No. 83701)
DONNA M. ORZELL (I.D. No. 87831)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-4928/5370

Attorneys for Defendant
PNC Financial Services Group

Dated: July 12, 2002

## **CERTIFICATE OF SERVICE**

I, Donna M. Orzell, hereby certify that the foregoing Notice of Removal of Defendant PNC Financial Services Group was served via regular mail, postage prepaid on this 12th day of July, 2002 upon the following:

>Alan M. Metzger, Esquire
>Tenth Floor
>1515 Locust Street
>Philadelphia, PA 19102-3720
>
>Attorney for Plaintiff

*Donna M. Orzell*
DONNA M. ORZELL

# EXHIBIT A