IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLENE BUNTING<br><br>Plaintiff,<br><br>v.<br><br><br>PNC BANK CORP. AND AFFILIATES<br>LONG TERM DISABILITY PLAN,<br><br>Defendant. | :<br>:<br>:<br>:<br>:  CIVIL ACTION<br>:  NO. 02-CV-4647<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant PNC Bank Corp. and Affiliates Long Term Disability Plan ("the Plan"), by and through its counsel, hereby responds to Plaintiff's Complaint in the above captioned action, in accordance with the numbered paragraphs thereof, as set forth below.

1. The Plan admits that its records reflect that Plaintiff has resided at 234 E. Stearly Street, Philadelphia, PA 19111.

2. Denied for the reason that PNC Financial Services Group is not the proper defendant in this action.

3. Denied for the reason that PNC Financial Services Group is not the proper defendant in this action.

4. The Plan states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4 that, on or about January 16, 2001, Plaintiff noted that she was experiencing shoulder pain that extended down her arm and into her

fingers. To the extent that paragraph 4 contains conclusions of law, no responsive pleading is required. The Plan denies the remaining allegations of paragraph 4.

5. The Plan admits that Plaintiff was a participant in the PNC Bank Corp. and Affiliates Long Term Disability Plan while she was employed at PNC Financial Services Group and during the time in which she received benefits under the Plan. The Plan denies the remaining allegations of paragraph 5.

6. The Plan admits that Plaintiff applied for disability benefits. Plaintiff's characterization of Unum Provident Corp. as the Plan's agent is a conclusion of law to which no responsive pleading is required. The Plan states that it is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 6 that Plaintiff received a letter from Unum Provident Corp. dated August 6, 2001. The Plan denies the remaining allegations in paragraph 6 for the reason that they purport to characterize the contents of a document that speaks for itself.

7. Denied.

8. The Plan states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8.

9. The Plan states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9.

10. The Plan states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10 that Plaintiff's counsel wrote to Unum Provident Corp. on January 22, 2002. Plaintiff's characterization of Unum Provident Corp. as the Plan's agent is a conclusion of law to which no responsive pleading is required. The

Plan denies the remaining allegations in paragraph 10 for the reason that they purport to characterize the contents of a document that speaks for itself.

11. Plaintiff's characterization of Ms. Jeanne Callaway as the Plan's agent in paragraph 11 is a conclusion of law to which no responsive pleading is required. The Plan denies the remaining allegations in paragraph 11 for the reason that Plaintiff purports to characterize the contents of a document that speaks for itself.

12. Plaintiff's characterization of Ms. Jeanne Callaway and/or Unum Provident Corp. as the Plan's agent in paragraph 12 is a conclusion of law to which no responsive pleading is required. The Plan denies the remaining allegations of paragraph 12 for the reason that Plaintiff purports to characterize the contents of a document that speaks for itself.

13. The Plan denies the allegations of paragraph 13 for the reason that Plaintiff purports to characterize the contents of a document that speaks for itself.

14. The Plan states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 14 that Plaintiff's attorney received a response from Henry Howarth, III on April 30, 2002. The Plan admits that a letter dated April 30, 2002, was sent by Mr. Howarth to Allen M. Metzger. The Plan denies the remaining allegations of paragraph 14 for the reason that Plaintiff purports to characterize the contents of a document that speaks for itself.

15. Denied.

16. Denied.

17. The Plan admits that Plaintiff is seeking the relief described in paragraph 17, but denies that Plaintiff is entitled to any relief from the Plan.

WHEREFORE, Defendant PNC Bank Corp. and Affiliates Long Term Disability Plan respectfully requests the Court to enter judgment in its favor together with such costs and fees as are permitted by law.

Respectfully submitted,

*/s/*

STEVEN R. WALL (I.D. No. 39012)
KAY KYUNGSUN YU (I.D. No. 83701)
DONNA M. ORZELL (I.D. No. 87831)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-4928/5370/5574

Attorneys for Defendant
PNC Bank Corp. and Affiliates Long Term Disability Plan

Dated: August 19, 2002

4

## CERTIFICATE OF SERVICE

I, Donna M. Orzell, hereby certify that the foregoing Answer and Affirmative Defenses was served via regular mail, postage prepaid on this 19th day of August 2002 upon the following:

>Allen M. Metzger, Esquire
>Tenth Floor
>1515 Locust Street
>Philadelphia, PA 19102-3720

_____
DONNA M. ORZELL